FILED
SUPERIOR COURT
OF GUAM

2014 AUG -6 AM 11: 44

CLERK OF COURT
BY:




## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TRICIA TORRES CANDOLETA, ) | **CIVIL CASE NO. CV0094-14** |
| Plaintiff, ) | |
| vs. ) | **DECISION AND ORDER** |
| STEPHANIE G. FLORES, ) | |
| Defendant. ) | |

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Tricia Torres Candoleta's motion for default judgment, filed on April 15, 2014. Defendant Stephanie G. Flores's default was entered on April 7, 2014, for failure to plead or otherwise defend in the case. Oral arguments were heard on May 14, 2014. Attorney Wayson Wong represented the Plaintiff, while Defendant was not present. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On January 17, 2014, Plaintiff Tricia Torres Candoleta filed a complaint against Defendant Stephanie G. Flores asserting the following seven claims: (1) Breach of Written Contract; (2) Breach of Oral Contract; (3) Breach of Fiduciary Duties; (4) Fraud and/or Other Deception; (5) Negligence; (6) Gross Negligence; and (7) Exemplary or Punitive Damages. (Compl., 1-8, Jan. 17, 2014). On February 28, 2014, Plaintiff filed a first amended complaint

adding the claim of Deceptive Trade Practices to the claims in the first complaint. (First Am. Compl., 9, Feb. 28, 2014).

Plaintiff's claims arise from an earlier case, PR0136-06, in which she retained the services of Defendant. (Decl. of Tricia Torres Candoleta, 1-2, Apr. 14, 2014). Plaintiff specifically alleges that Defendant failed to properly represent Plaintiff in the matters regarding PR0136-06. *Id.* at 2-3. Plaintiff argues that the adverse consequences for which she claims relief are the result of Defendant's failure to adequately represent her. *Id.* at 8-9.

On April 2, 2014, Plaintiff filed a request for entry of default stating that Defendant had not filed an answer or otherwise defended against the first amended complaint within the time required by the Guam Rules of Civil Procedure. (Request for Entry of Default, 1-3, Apr. 2, 2014). On April 7, 2014, the Superior Court of Guam entered Defendant's default for failure to plead or otherwise respond to the complaint against her. (Entry of Default, Apr. 7, 2014).

On April 15, 2014, Plaintiff filed a motion for default judgment. Plaintiff claims that Defendant's fraud, deceptive practices, gross negligence and/or negligence caused Plaintiff to suffer tremendous damages, and requests the court to provide justice. (Mem. P. & A. of Mot. Def. Judg., 1, Apr. 15, 2014).

Plaintiff claims $107,500.00 in damages for lost equity in her home; $135,100.00 in damages for attorney's fees; and $101,328.00 in damages for lost earnings and/or earning capacity. (Decl. of Tricia Torres Candoleta, 9, Apr. 14, 2014). Plaintiff also requests $100,000.00 in damages for the loss of her marriage relationship and probable loss of her marriage, and $100,000.00 in damages for the loss of her reputation among her family and the community, the embarrassment and humiliation she suffered, mental anguish, anxiety, and emotional distress. *Id.* Additionally, in the interest of fairness and justice, Plaintiff asks the Court to grant exemplary and punitive damages in the amount of $500,000.00, or alternatively, treble damages, which would be three times the amount of Plaintiff's actual economic damages. *Id.* at 13. In total, Plaintiff requests either $1,043,928.00 (including punitive and exemplary damages), or $1,243,928.00 (including treble damages). *Id.*

///

## DISCUSSION

Under Guam law, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against the Plaintiff's claim, a court may enter a judgment by default against the party. Guam R. Civ. P. 55(b)(2) (2010). "As a general rule, when a party fails to file an answer and a default judgment is entered, only the factual allegations of the complaint as to liability are deemed admitted and not the allegations relating to damages." *Mariano v. Surla*, 2010 Guam 2 ¶ 39 (*citing Pope v. United States*, 323 U.S. 1, 12 (1944)). Thus a plaintiff must still prove all damages sought in the complaint. *Id*. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Id*. at ¶ 41 (citations omitted).

This general rule articulated in *Mariano v. Surla* is aligned with the instructions set forth in Rule 55 (b)(2) of the Guam Rules of Civil Procedure. Guam R. Civ. P. 55(b)(2) (2010). The relevant portion of the statute reads as follows:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute.

*Id.*

Although a trial court has the discretion to hold a hearing to determine the proper amount of damages to be awarded to a plaintiff against a defaulting party under Guam law, this discretion "does not extend to the entry of a default judgment where the damages are not liquidated or articulated with certainty." *Surla*, 2010 Guam 2 ¶ 42 (*quoting Multiple Resort Ownership Plan, Inc. v. Design-Build-Manage, Inc.*, 45 P.3d 647, 655 (Wyo. 2002)). The Supreme Court of Guam has explained the concept of "unliquidated" damages, in the context of an entry of default judgment, as follows:

> To prove damages, a party must show more than mere nominal damages. The requirement of Rule 55(b)(2) . . . of a hearing with respect to damages which are

not liquidated is consistent with the rule of those cases. The default permitted by a defendant does not concede the amount demanded for unliquidated damages. . . . [D]amages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment. Unliquidated claims include damages for personal injuries, lost profits, consequential damages, exemplary or punitive damages, and reasonable attorney's fees.

*Surla*, 2010 Guam 2 ¶ 42 (internal quotation marks and citations omitted).

In this case, Plaintiff claims the following amounts of damages: (1) $107,500.00 for the loss in equity in her home; (2) $135,100.00 in attorney's fees and costs expended in an attempt to set aside an alleged improper order and defending against the lawsuit that it generated; (3) $101,328.00 in lost profits; (4) $100,000.00 for the loss of her marriage relationship; (5) $100,000.00 for the loss of her good reputation, great embarrassment and humiliation, mental anguish, anxiety, and emotional distress; (6) at least $500,000.00 in exemplary or punitive damages; and (7) treble damages. (Mem. P. & A. of Mot. Def. Judg., 9-15, Apr. 15, 2014).

### a.     Claims (1) – (3)

In support of claims (1) through (3), Plaintiff submits a copy of the Probate Court's April 8, 2014 order, confirming the sale of her home for $238,000.00. (Decl. Tricia T. Candoleta, Exhibit 4, Apr. 15, 2014). Because the remaining mortgage of approximately $130,500.00 was paid off during the sale, Plaintiff lost $107,500.00 of equity on the home. (Mem. P. & A. of Mot. Def. Judg., 8, Apr. 15, 2014). In addition, Plaintiff submitted a letter detailing the client-lawyer relationship between Plaintiff and her counsel, and the $135,100.00 owed to Plaintiff's counsel as a result of Defendant's action and/or inaction. (Decl. Tricia T. Candoleta, Exhibit 5, Apr. 15, 2014). Furthermore, Plaintiff, who was imprisoned for 16 months, failed to generate any income for 16 months. *Id.* at 9. She was making $6,333.00 per month before the imprisonment and lost a total of approximately $101,328.00 in earnings. *Id.* Therefore, the Court grants Plaintiff $107,500.00 for the loss of equity in her home, $135,100.00 for attorney's fees, and $101,328.00 in lost profits, for a total of $343,928.00.

### b.     Claim (4)

With respect to claim (4), Plaintiff must prove that Defendant's actions were the proximate cause of the loss of her marital relationship. *See* 20 GCA § 2225 (2005). Loss of

marital relationship is more broadly characterized as a loss of consortium, defined as "the loss of certain rights and privileges inherent in the marital relationship, including companionship, emotional support, love, and sexual relations." *Zwicker v. Altamont Emergency Room Physicians Med. Grp.*, 118 Cal.Rptr.2d 912, 915 (Ct.App. 2002). In support of her claim for $100,000.00 for loss of marital relationship, Plaintiff states that "[s]he lost her marriage relationship (and probably will lose her marriage) because of all of the stress and strain these matters placed on it, especially because of her imprisonment, which was a direct result of the improper November 5, 2010 order." (Decl. Tricia T. Candoleta, 9, Apr. 15, 2014). However, she also acknowledges that Defendant's actions are not the only cause of the loss of her marital relationship. *Id.* Absent further evidence, the Court is unable to find that Plaintiff's declaration alone adequately shows that Defendant's action was the proximate cause of her harm. *See* 20 GCA § 2225 (2013).

### c. Claim (5)

In claim (5), Plaintiff seeks $100,000.00 for the loss of her good reputation, embarrassment and humiliation, mental anguish, anxiety, and emotional distress

"Damages for loss of reputation seek to make one whole for loss of the ability to earn wages, borrow money, and to enjoy life as fully as before the injury." *Resolution Trust Corp. v. Miramon*, 935 F.Supp. 838, 844 (E.D. La. 1996). Courts have often conflated emotional harm such as embarrassment, humiliation, mental anguish, anxiety, and emotional distress. *See id.* ("Damages for embarrassment compensate for infliction of emotional harm—mental anguish."). To prove emotional distress, the Plaintiff must show "[a] specific discernable injury to [her] emotional state, proven with evidence regarding the nature and extent of the harm . . . [h]urt feelings, anger and frustration are part of life, and [are] not the types of harm that could support a mental anguish award." *Hines v. Grand Casino of Louisiana, L.L.C.*, 358 F.Supp.2d 533, 549 (*citing Brady v. Fort Bend County*, 145 F.3d 691, 718 (5th Cir. 1998)). "While plaintiff's testimony alone may support an emotional distress award, that testimony must consist of more than vague and conclusory allegations." *Id.*

In support of her claim for $100,000.00 for the loss of her good reputation, embarrassment and humiliation, mental anguish, anxiety, and emotional distress, Plaintiff offers no evidence apart from her conclusory statement that "[b]ecause of such imprisonment, she lost her good reputation among her family members and much of the community, she suffered great embarrassment and humiliation, mental anguish, anxiety and emotional distress." (Decl. Tricia T. Candoleta, 9, Apr. 15, 2014). Ultimately, Plaintiff failed to demonstrate her loss of the ability to earn wages, borrow money, and to enjoy life as fully as before the injury. *Resolution Trust Corp.*, 935 F.Supp. at 844. Furthermore, Plaintiff's allegations are vague and conclusory, and fail to adequately show a specific discernible injury to her emotional state. *Hines*, 358 F.Supp.2d at 549. For these reasons, Plaintiff is not entitled to a damage award for the loss of her good reputation, great embarrassment and humiliation, mental anguish, anxiety, and emotional distress.

### d.    Claim (6)

In claim (6), Plaintiff seeks an exemplary or punitive damage award of at least $500,000.00.

Under Guam law, exemplary damages may be awarded in the following circumstances:

> In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

20 GCA § 2120 (2013).

The Supreme Court of Guam has failed to make a clear distinction between exemplary and punitive damages. *See Fleming v. Quigley*, 2003 Guam 4 ¶ 32; *Park v. Mobil Oil Guam, Inc.*, 2004 Guam 20 ¶ 56. However, the Supreme Court of Guam did reiterate that which is clear from the statute - the awarding of exemplary, or punitive, damages is within the trial court's discretion. *Id.*; 20 GCA § 2120 (2013).

Unlike compensatory damages which "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct . . . punitive damages serve a broader function; they are aimed at deterrence and retribution." *State Farm Mut. Auto. Ins.*

*Co. v. Campbell*, 538 U.S. 408, 416 (2003). The U.S. Supreme Court noted: "It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *Id.* at 419 (*citing BMW v. Gore*, 517 U.S. 559, 575 (1996)).

In this case, Plaintiff seeks exemplary or punitive damages, in part, to recover damages in the event Defendant files and completes bankruptcy proceedings. (Mem. P. & A. of Mot. Def. Judg., 14, Apr. 15, 2014). Thus her request is so that "she can be protected from such bankruptcy discharge and eventually potentially recover her actual damages." *Id.* However, it must be presumed that Plaintiff has been made whole for her injuries by compensatory damages. *Campbell*, 538 U.S. at 419. As punitive damages are for deterrence and retribution, the Court cannot grant punitive damages as a protective measure for Plaintiff, as so characterized by Plaintiff. *Id.* at 416. Furthermore, the Court finds that the disciplinary measures imposed on Defendant in other proceedings adequately serve the purposes of retribution and deterrence. (Decl. Tricia T. Candoleta, Exhibit 1, Apr. 15, 2014). For these reasons, the Court in its discretion finds that exemplary or punitive damage awards are not appropriate in this case. 20 GCA § 2120 (2013).

**e. Claim (7)**

Under Guam law, a consumer not represented by the Attorney General who prevails may obtain:

> (a) The amount of actual, exemplary, and punitive damages found by the trier of fact. If the trier of fact finds that the conduct of the party was committed knowingly and as a regular business practice of the party, the trier of fact may, in addition, award not more than three (3) times the amount of actual damages.

5 GCA § 32112(a) (2013).

In support of her claim for treble damages, Plaintiff asserts that Defendant's practices were "probably" committed knowingly and as a regular practice. (Mem. P. & A. of Mot. Def. Judg., 15, Apr. 15, 2014). Plaintiff further contends that Defendant committed the same deceptive practices at least 10 times during the period in question and this current incident was

the usual method Defendant used to "dupe" her clients. *Id.* Although Plaintiff provides evidence that Defendant was disciplined numerous times for her misconduct, absent further evidence, the Court finds Plaintiff's declaration alone is inadequate to show that Defendant's action was committed knowingly and as a regular business practice. For this reason, the Court in its discretion denies Plaintiff's request for treble damages. 5 GCA § 32112(a) (2013).

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiff's motion for default judgment is GRANTED in part. Plaintiff is entitled to $107,500.00 for the loss of equity in her home, $135,100.00 for attorney's fees, and $101,328.00 in lost profits, for a total of $343,928.00.

This matter is set for further proceedings on August 27, 2014 at 9:00 a.m. regarding the submission of a proposed judgment.

SO ORDERED this _____6TH_____ day of August, 2014.

_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam